## PAYNE, Director General of Railroads, et al. v. NASH.

No. 11929—Opinion Filed Sept. 25, 1923.

**1. Sales — Contract as to Weights.**

Where a contract is entered into between parties for the sale of grain on shipper's weight, other weights cannot be substituted for the shipper's weight, except by agreement between the parties.

**2. Same—Shipper's Weight Controlling.**

If the shipper bills to the purchaser a shipment of grain on shipper's weight, and the carrier weighs the grain en route, and shows an increased weight, the commission merchant cannot enforce settlement on the carrier's weight, but is bound by the shipper's weight.

**3. Same — Removal of Overweight from Car—Remedy of Purchaser.**

If the carrier transmitted to the shipper the value of the supposed overweight removed from the car by the carrier, and the shipper pays such sums of money to the commission merchant, the entire transaction is narrowed down between the commission merchant and the purchaser between whom the contract of sale existed.

**4. Same.**

If the purchaser pays for the grain on the basis of the shipper's weight without knowledge of the removal of the grain from the car by the carrier, his action is against the commission merchant for debt, for the value of the grain removed from the car.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by R. C. Nash against the Dustin Grain Company and John Barton Payne, Director General of Railroads, for recovery of debt. Judgment for plaintiff and against both defendants. Defendants bring error. Modified and affirmed.

Jarrett & Speakman and Embry, Johnson & Kidd, for plaintiff in error Dustin Grain Company.

R. A. Kleinschmidt, J. H. Grant, and W. S. Stratton, for plaintiff in error Payne.

Erwin & Erwin, for defendant in error.

Opinion by STEPHENSON, C. A contract was entered into between R. C. Nash and the Dustin Grain Company for the sale and purchase of 66,000 pounds of corn at $2.14 per bushel, delivered at Wellston, Okla. It was agreed between the parties that shipper's weight should govern in the purchase of the grain. The Dustin Grain Company placed its order with Morrison Grain Company, at Golden, Mo. for shipment of 66,000 pounds of corn to Dustin Grain Company at Wellston, Okla., shipper's order. Morrison Grain Company shipped the car of corn with shipper's weight certified and attached to bill of lading, showing that the car was loaded with the required number of pounds, and delivered the car to the Frisco Railway Company for transportation to destination. When the car reached Monett, Mo., the carrier supposed that the car was overloaded and weighed the car, and according to its weight the car contained 69,900 pounds. The carrier removed 3,900 pounds of grain from the car and noted its action upon the waybill following the shipment. The car reached its destination and plaintiff took up the bill of lading with the shipper's weight attached thereto, showing that the car was loaded with 66,000 pounds, and settled for the same on that basis. At the time of the settlement by purchaser he did not know that part of the grain had been removed by the carrier. The purchaser also paid an item of freight that was later found to be an overcharge. The value of the corn removed from the car by the carrier, with the overcharge item, amounted to a total of $159.23. The contract between the parties clearly provided for shipper's weight to govern, and the purchaser was not bound to accept and pay for the grain on the carrier's weight, even though the car contained more than

66,000 pounds of grain. This was not a matter of concern for the Dustin Grain Company, so long as the shipper did not complain. The shipper's weight could only be questioned on the ground of fraud or mistake. Later Morrison Grain Company made a claim against the carrier for the value of the corn removed from the car, which the carrier paid to the shipper. Morrison Grain Company later transmitted this sum of money to the Dustin Grain Company. Liability is alone with the Dustin Grain Company.

We therefore recommend that the judgment against the Dustin Grain Company be affirmed, and that the judgment against John Barton Payne, as Director General, be reversed and remanded, with directions to dismiss the action against the Director General.

By the Court: It is so ordered.